```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/31/21

ROBERT MALEK,

                Plaintiff,

-against-

ACS NEW YORK CITY, et al.,

                Defendants.

21-CV-6381 (AJN) (OTW)

ORDER

ALISON J. NATHAN, United States District Judge:

    Plaintiff filed this action *pro se*. It is related to Case No. 21-cv-5532. He filed a notice stating that he wished to proceed "in White Plains only." Dkt. No. 4. Because this action did not satisfy the criteria in Rule 18 of the Local Civil Rules for the Division of Business Among Judges for assignment to a district judge in White Plains, it was assigned under the Local Rules to a district judge in Manhattan.

    On August 9, 2021, Plaintiff filed a notice of voluntary dismissal. Dkt. Nos. 5–6. On August 23, 2021, Plaintiff filed a request to reinstate this matter. Dkt. No. 7. On the same day, Plaintiff filed a document stating that he had been injured in a car accident and was unable to litigate this matter due to his health. Dkt. No. 8. He asks the Court to "pause" his request to reinstate this action, due to his health and to what he describes as "fraud" and "criminal conduct." *Id.*

    The Court liberally construes this submission as a motion under Rule 60(b) for relief from a judgment or order. After reviewing the arguments in Plaintiff's submissions, the Court denies the motions.

**I. LEGAL STANDARD**

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

**II. DISCUSSION**

In his motion to reopen this matter, Plaintiff raises concerns about (1) reassignment of this case from White Plains to Manhattan; (2) referral of this case to a Magistrate Judge for general pretrial proceedings; and (3) problems viewing or filing documents. On August 30, 2021, Plaintiff filed a document entitled, "additional remarks upon cases 21cv5532 & 21cv6381," which mirrors his prior concerns. Dkt. No. 9. It appears that Plaintiff seeks to have this closed action reopened, reassigned to a district judge in White Plains, and stayed or suspended due to his health issues.

    **A.**    **Assignment to White Plains**

Under Rule 19 of the Rules for the Division of Business Among District Judges, a civil case shall be designated for assignment to White Plains if:

> (i) The claim arose in whole or in major part in the Counties of Dutchess, Orange, Putnam, Rockland, Sullivan and Westchester (the "Northern Counties") and at least one of the parties resides in the Northern Counties; or
>
> (ii) The claim arose in whole or in major part in the Northern Counties and none of the parties resides in this District.
>
> A civil case may also be designated for assignment to White Plains if:

  (iii) The claim arose outside this district and at least some of the parties reside in the Northern Counties; or

  (iv) At least half of the parties reside in the Northern Counties.

  Here, Plaintiff alleged that his claims arose in New York County, Kings County, and Westchester County. Dkt. No. 1 at 4. Plaintiff alleged that Brightpoint is a "defunct" entity from Peekskill, New York, and that someone from Brightpoint had made false statements in documents that the Administration for Children's Services submitted to the Family Court in Kings County. These allegations are insufficient to show that Plaintiff's claims arose "in major part" in the Northern Counties, and thus assignment to White Plains is not proper under subsections (i)-(ii).

  Plaintiff alleges that his claims arose, in part, in this district, and thus assignment to White Plains is not proper under subsections (iii), which applies where the claims arose outside this district. Finally, assignment to White Plains is proper under subsection (iv) only where at least half of the parties reside in the Northern Counties, which is not the case in this action.

  Under Rule 19 of the Rules for the Division of Business Among District Judges, cases improperly assigned to White Plains are reassigned as follows:

> If the Judge to whom the case is assigned believes that it should be assigned to the other courthouse under these rules, a request for reassignment shall be sent to the Assignment Committee, which shall determine if the case should be reassigned. If the case is reassigned, it will be reassigned as if it were a new filing, but will retain its original case number.

Rule 19. This case was initially assigned to a district judge in White Plains based on Plaintiff's indication on the civil cover sheet that it belonged there, but it was thereafter reassigned to a district judge in Manhattan, District Judge Analisa Torres, because assignment to White Plains did not comport with Rule 18.

Rule 13 of the Rules for the Division of Business Among District Judges authorizes the reassignment of a later-filed case to the judge to whom an earlier-filed related case is assigned. When Plaintiff brought this action asserting claims in connection with his Family Court proceedings in Kings County, he already had a pending action raising claims in connection with these Family Court matters, *Malek v. ACS et al.*, 1:21-CV-05532 (AJN) (OTW). Because this case was accepted as related to the case under docket number 21-CV-5532 (AJN), it was reassigned from District Judge Torres to my docket.

### B. Reference to Magistrate Judge

Under Local Civil Rule 72.1(a), Magistrate Judges are designated to exercise the jurisdiction set forth in 28 U.S.C. § 636(c). In turn, section 636(c) provides: "The consent of the parties allows a magistrate judge designated to exercise civil jurisdiction . . . to direct the entry of a judgment of the district court in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 636(c)(3).

In this case, the Court referred this matter to the Magistrate Judge for general pretrial proceedings under § 636(b), not the exercise of civil jurisdiction under § 636(c). Dkt. No. 3. 18 U.S.C. § 636(b) authorizes a Magistrate Judge to "conduct hearings, including evidentiary hearings, and to submit to the district court proposed findings of fact and recommendations for the disposition," with certain exceptions not relevant here. Unlike referral under § 636(b), a referral to a Magistrate Judge for general pretrial proceedings does not require consent of the parties.

Parties can consent to the jurisdiction of the Magistrate Judge for all purposes, including trial and entry of judgment. *See* Fed. R. Civ. P. 73. Because there was no consent to the Magistrate Judge in this case, the Magistrate Judge's recommendations for dispositions would be proposed to the district judge, and the parties would have an opportunity to object to such report

4

and recommendations. Here, the Magistrate Judge did not enter any order that would have required consent of the parties (or any orders at all), and Plaintiff's allegations thus do not provide any basis for altering the *status quo* in this action.

### C. Restricted and Unfiled Documents

Plaintiff alleges that documents that he attempted to file with the Court are missing from this case and from his cases under docket numbers 21-CV-5532 (AJN), and 20-CV-7623 (JMF) (S.D.N.Y. Oct. 7, 2020) (remanding action improperly removed to this Court from Kings County Family Court).

Under Rule 5.2 of the Federal Rules of Civil Procedure, papers filed with the court should not contain an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A litigant should include instead only the year of an individual's birth or a minor's initials. This is because the public can access electronic court files on the internet. Because Plaintiff's complaint, Dkt. No. 1, in this action included sensitive information about minors, access to the document is restricted so that only case participants can view it. A *pro se* litigant who is a case participant but does not have ECF filing privileges can view such a restricted document at the courthouse.

Plaintiff also raises concerns that various documents that he submitted (or attempted to submit) electronically in this and other cases have "not been uploaded." In response to the Covid-19 pandemic, the Court has temporarily agreed to accept filings via email from *pro se* parties without electronic filing privileges.[1] Procedures set forth in the addendum to the ECF Rules explain that documents must be in PDF format and be no larger than 10 megabytes. The

---

[1] The ECF filing rules specify that the email address is solely for submitting attached PDF documents for filing; that any additional comments, questions, or other messages in the email will be disregarded; and that any additional correspondence included in the email will be disregarded.

Court's docket services unit has ascertained that on numerous occasions, Plaintiff sent emails to the temporary filing address that either did not attach any document or that attached "malformed" pdf documents that could not be filed.[2]

Plaintiff also indicates that he attempted to file in person approximately 1200 pages in "four binders," either in the cases assigned to my docket, or his closed case, 20-CV-7623 (JMF) (S.D.N.Y), or both. First, the Court notes that Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not submit all of the evidence to be used at trial with the complaint. Moreover, this action was voluntarily dismissed without prejudice to Plaintiff's refiling it. If Plaintiff chooses to refile this action, he can file any proper documents that are submitted in accordance with ECF filing rules and other instructions of the Court.[3]

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply and provide any basis to reopen this action. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. A Rule 60(b)(6) motion must show that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff has failed to demonstrate that extraordinary circumstances

---

[2] An automatic response from this temporary mailbox provides information about how litigants can remedy filing errors.

[3] If Plaintiff has concerns about this or other cases, Plaintiff should raise his concerns with the assigned district judge, in writing, as set forth in my individual rules of practice or the Federal Rules of Civil Procedure.

6

exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199–202 (1950). This action was dismissed without prejudice to Plaintiff's refiling it. Plaintiff also indicates that he does not wish to pursue the action at this time because of his health. Because Plaintiff has not provided any sufficient reason to do so, Plaintiff's motion to reconsider the order of dismissal and reopen this action is denied.

### III. CONCLUSION

Accordingly, Plaintiff's motions to reopen and "pause" this action, Dkt. Nos. 7–8, are denied. This action, which was dismissed without prejudice to Plaintiff's refiling it, remains closed.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 31, 2021
       New York, New York

ALISON J. NATHAN
United States District Judge